Birchard, J.
There is nothing in the proof to create a suspicion, that the sum paid by Watson, in 1816, amounting to about $2,000, was not, at the time, a fair consideration, for the interests of Mrs. Taylor and Mrs. Nutt; and we may suppose it was honestly and fairly intended that the sale should be made effectual by the assignment then executed.
The proof does not charge the respondents with notice of any *167 defect in the legal title. Unless the recitals of the deed are, in law, presumptive notice, they had none.
In the opinion of my brethren, the case is with the complainants, and they are entitled to a decree, if notice to the defendants can be established.
In behalf of complainants, it is urged, that the recitals of the patent are sufficient to charge the defendants with notice. It is alleged that the rule is well settled. The nature of the question, and the very important bearing it must have upon, perhaps, twenty millions of property within this state, the titles to which have been granted on assigned entries, certificates, aDd warrants, require, at our hands, a careful examination, whether or not the rule contended for is as inflexible as is supposed. The case of Brush’s Adm’rs v. Ware, 1 McLean, 535, was a case betwern the heirs at law of one Hackaday, entitled to a Yirginia military warrant, and the assignee of the warrant. It is relied on by complainants as conclusive. Judge McLean remarks: “This is not a controversy between a claimant under Hackaday and a stranger to the claim. It might well be doubted, whether a person claiming adversely to Hackaday’s assignee, could go into the validity *of the'assignments, either before or after the issuing of the warrants. As between such parties, the entry and patent might he conclusive."
The case showed that Brush, the patentee, was connected with the claim before the patent issued; and, before patent, he, of course, had but an equity, which could not deteat a,n equal equity of prior date. The case was taken to the Supreme Court of the United States, and the decision affirmed. 13 Pet. 93. This decision is also cited as conclusive. We have carefully examined the case, and the reasons given by the court. So far from its being decisive of the merits of this question, it is certain that the point here made by the respondents did not arise in that cause, and was not before the court. On page 108, the case is put upon this ground: “Until the patents were obtained, this warrant, through assigned and entered, in part, on the land in controversy,, conveyed only an equitable interest.” All the remarks ot the judge, in pronouncing the opinion of the court, should be considered in reference to the ease then on trial. It was a case where lands had been entered, in the name of George Hoffman, in 1809,, and patented in 1818, to “ Brush, assignee of John Hoffman, who *168 was assignee of Joseph Hoffman, and others, assignees of George Hoffman, who was assignee of J. Ladd, assignee of R. S. Ware, executor of Hackaday.” The difficulty was, that Brush, being an assignee before the patent issued, had but an equitable right to demand a legal title; and the paper evidence of his equitable (not legal) right to the land, showed that a deed from Ware, an executor, who had no control over such property, and whose conveyance was void, was one link in his chain of title. The recital showed no authority, on the part of the executor, to make such a transfer. The law being clear that an executor could not convey real property, and every one being bound to know the law, it was rightfully presumed that Brush had notice that an executor’s deed did not divest the heir. “ Can it be contended (say the court), that the defendant, who purchased an inchoate title, a mere equity, was not bound to look into the origin of that equity ? To us, *it seems that these cases, rightly understood, make for the respondents. The case of Reeder et al. v. Barr et al., in 4 Ohio, 496, also relied upon, seems to be clearly distinguishable from the present. In that case, the patent was issued to Newell, as assignee of the administrator of Hanson Reeder;” the court held that the recitals in the patent were notice to a subsequent purchaser, sufficient to put him on inquiry, because an administrator had no right to sell the land. “ If,” say the court, “the assignment of an administrator, per se, conyeyed the equitable rights of the intestate, the purchaser might stand in a different situation.” The cases in 9 Crunch, 98, and 5 Wheat. 304, deciding that the existence of a grant is presumptive evidence, that every prerequisite has been performed, are cited with approval, and the decision is placed upon the distinct ground, that the patent shows, upon its face, that the heirs of Reeder were owners of the estate, after his death. These patents show no such defect. The assignments recited, were those of persons who had an interest, and who could convey. The next case relied on by complainants is that of Bonner v. Ware, 10 Ohio, 465. It presented to this court, for consideration, the same patent referred to in 15 Pet. 93. The complainant, Bonner, sought, by his bill, to quiet the equity of the heirs, by setting up that he had an equal equity, though junior, coupled with the legal title acquired, bona fide, for a valuable consideration, and without notice of the elder equity of the heir. The bill was dismissed, not on the ground that the doctrine of bona fide *169 purchasers is a weapon of defense, and not of attack, but upon the authority of the cases in 4 Ohio, 446; 1 McLean, 535, and 15 Pet. 93; which decisions were concurred in, and, beyond the principles, as therein held, it was not, as I am informed by the judge who pronounced the opinion, intendod to go. It is, however, said, in that opinion, that the case of Reeder v. Barr et al., 4 Ohio, held “that the rule of notice applied to patents, as to private deeds.” The rule spoken of, was the rule which I have above explained. That every purchaser is ^presumed to have notice of any defect of title, apparent upon the face of his patent; not that he is required to look for a latent defect in the chain of assignments recited in the patent, where such assignments purport to have been made by the proper persons. This would defeat the law, recognized in the case of Reeder v. Barr, 4 Ohio, as correctly settled in 9 Cranch, 98, and 5 Wheat. 304. It would, in effect,'be to set up a presumptive notice, against the legal presumption, that, in executing the grant, the president of the United States performed his official duty; a presumption which the patent, issued by him, if regular on its face, raises in favor of the patentee, and upon which it is safe for subsequent purchasers to rely. A contrary rule would work immense injury to the holders of real estate derived from the general government, and to the public. The amount of mischief it would produce in the Yirginia military district can hardly be imagined. Bill dismissed.